DECISION AND JOURNAL ENTRY
Appellant, Linda Thomas, has appealed from a judgment of the Summit County Common Pleas Court, Juvenile Division, that terminated her parental rights and granted permanent custody of her children to the Summit County Children Services Board (CSB). This Court affirms.
 I.
Appellant is the natural mother of Skyler Fitch, Ronecia Fitch, Ronald Fitch, and Terry Alford. Paternity had not been established as to Skylar; however, Ronald Fitch was determined to be the father of Ronald, and Terry Alford was determined to be the father of Terry and Ronecia.
CSB moved for permanent custody of the children on April 9, 1999. After a hearing, the juvenile court terminated Appellant's parental rights and granted permanent custody of the children to CSB. Appellant timely appealed, asserting one assignment of error.[1]
 II. The trial court abused its discretion and erred to the prejudice of Appellant by awarding permanent custody of the children to Children Services Board.
 In her sole assignment of error, Appellant has essentially asserted that the juvenile court's judgment was not supported by clear and convincing evidence. This Court disagrees.
Termination of parental rights is an alternative of last resort; however, it is sanctioned when necessary for the welfare of a child. In re Wise (1994), 96 Ohio App.3d 619, 624. Before a juvenile court can terminate parental rights and award to a proper moving agency permanent custody of a child who is neither abandoned nor orphaned, it must find by clear and convincing evidence that the grant of permanent custody to the agency is in the best interest of the child, and that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. See In re William S. (1996),75 Ohio St.3d 95, 99; see also, R.C. 2151.414(B)(1). When determining whether a grant of permanent custody is in the best interest of the child, the juvenile court should:
 [C]onsider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child * * *;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; [and]
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 R.C. 2151.414(D)(1) through (5). When determining whether the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, the juvenile court must find by clear and convincing evidence that at least one of the sixteen factors enumerated in R.C. 2151.414(E) exist as to each of the child's parents. See In re William S., 75 Ohio St.3d at 99. The juvenile court should consider all relevant evidence when making such a determination. R.C. 2151.414(E).
At the hearing, CSB presented evidence of Appellant's long history of involvement with CSB. CSB has been involved with the family since 1989 concerning issues of drug abuse, criminal activity, and unstable housing. In addition to the children who are the subject of this appeal, Appellant is the mother of three other children, Brian, Talisha, and Miracle. Miracle is currently placed with a paternal relative, Brian is currently placed with his father, and Talisha is currently residing with Appellant.
During September 1993, Ronald, Miracle, Ronecia and Terry were removed from Appellant's care. After Terry's birth, CSB was concerned with Appellant's lack of prenatal care and the fact that Terry had been prenatally exposed to cocaine. Therefore, Appellant's children, including Ronald, Ronecia and Terry, were all placed in the legal custody of friends or relatives.
From September 1994 to September 1997, Ronald, Ronecia, and Terry remained in the care of Mary Jones, a relative. When Skylar was born in December 1994, he had also been prenatally exposed to cocaine. By agreement between Ms. Jones and Appellant, Skylar was also placed in the legal custody of Ms. Jones. In September 1997, the children were returned to Appellant with an order of protective supervision; however, the children were again removed in November 1997 because Appellant had been caught shoplifting, which was also a violation of her probation.
CSB presented evidence that Appellant has a reoccurring problem with drug addiction. Due to her problems with crack cocaine, she had been involved with Urban Ounce of Prevention three times since 1996. Between October 1998 and December 1999, Appellant had relapsed six times. The most recent relapse occurred during January 1999, and she again became involved with Urban Ounce of Prevention. Due to the relapses, Appellant has had difficulty maintaining housing and jobs. At the time of the hearing, however, her drug screens had been negative.
CSB also noted an incident that occurred during February 1999, in which Appellant's live-in boyfriend had severely beaten her. CSB was concerned because Appellant continued to live with him after the incident. Additionally, CSB presented evidence of Appellant's criminal history. Since 1994, Appellant had been convicted of two counts of theft, one count of forgery, and one count of felony drug abuse.
Regarding the custodial history of the children, CSB presented testimony that, in the six years prior to the hearing, the children had only been in Appellant's custody for two months. CSB has been involved in the children's lives for twenty-five consecutive months. CSB also presented evidence that the children had not had contact with Appellant between February 6, 1999 and August 1999. Her overall history of visitation was sporadic.
Additionally, CSB presented testimony that the children's behaviors have improved since they have been placed in foster care. When Ronecia was initially assessed in January 1999, she was having behavioral problems. She was diagnosed as having adjustment disorder with mixed anxiety and depression and as having attention deficit hyperactivity disorder (ADHD). Ronecia was very disruptive in the classroom. Because of her lack of cooperation and behavior difficulties, she was not promoted to the second grade. Since her placement in foster care, her behavior has improved. She has not recently had any significant problems in school or in the foster home and has not seemed as angry or depressed as she was initially.
Ronald was also diagnosed with ADHD, which was under control through the use of Ritalin. Ronald and Ronecia were placed in the same foster home and were very strongly attached to each other. Terry and Skyler were also doing well in their foster placements. None of the children were very strongly attached to Appellant. Finally, the guardian ad litem recommended that permanent custody of the children be granted to CSB.
As a result of the evidence presented at the hearing, the juvenile court determined that the children could not be returned to either parent within a reasonable time or should not be returned to either parent. Additionally, the juvenile court found that the grant of permanent custody to CSB was in the children's best interest. This Court concludes that the juvenile court's judgment is supported by clear and convincing evidence. Appellant's assignment of error is overruled.
 III.
Appellant's sole assignment of error is overruled. The judgment of the juvenile court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________ BETH WHITMORE
BAIRD, P.J., SLABY, J., CONCUR.
[1] None of the fathers or alleged fathers have appealed from the termination of their parental rights. As such, this Court will focus solely on the evidence relating to the termination of Appellant's parental rights.